IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BRIAN ALLEN THOMAS | : | Judge |
| 5043 Marden Court | : | |
| Columbus, OH 43230 | : | Case No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CHRISTOPHER WAYNER | : | |
| Columbus Police Department | : | |
| 120 Marconi Boulevard | : | **COMPLAINT** |
| Columbus, OH 43215 | : | |
| | : | **(JURY DEMAND ENDORSED HEREON)** |
| and | : | |
| | : | |
| NRIQUE LOVE | : | |
| Columbus Police Department | : | |
| 120 Marconi Boulevard | : | |
| Columbus, OH 43215 | : | |
| | : | |
| and | : | |
| | : | |
| THOMAS MAYES | : | |
| Columbus Police Department | : | |
| 120 Marconi Boulevard | : | |
| Columbus, OH 43215 | : | |
| | : | |
| and | : | |
| | : | |
| AUSTIN EARLE | : | |
| Columbus Police Department | : | |
| 120 Marconi Boulevard | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| and | : | |

ADAM BANKS      :
Columbus Police Department  :
120 Marconi Boulevard   :
Columbus, Ohio 43215   :
            :
  and       :
            :
JOHN DOES 1 – 10    :
Employees of City of Columbus :
            :
  and       :
            :
CITY OF COLUMBUS   :
90 West Broad Street    :
Columbus, Ohio 43215   :
            :
      Defendants.

Plaintiff Brian Allen Thomas, by and through counsel, brings this Complaint against Defendants and states as follows:

## I. Nature of the Action

1. This is a civil-rights action arising from the unconstitutional escalation of an ordinary traffic stop into a violent seizure.

2. Plaintiff Brian Allen Thomas was stopped for an alleged minor traffic violation. He was not suspected of a violent crime, was not armed, did not threaten any officer, did not flee, and did not actively resist.

3. Despite the absence of any legitimate threat, Defendant officers used unnecessary, unreasonable, and excessive force against Plaintiff.

4. Defendants treated Plaintiff not as a motorist subject to a routine traffic investigation, but as a presumptively dangerous suspect.

2

5.      Plaintiff alleges that Defendants' treatment of him was motivated in whole or in part by race, racial stereotype, racially selective enforcement, and the racially disparate escalation of minor police encounters.

6.      This case arises against the backdrop of long-standing federal scrutiny of the Columbus Division of Police. The United States Department of Justice previously determined that Columbus Division of Police officers engaged in a pattern or practice of excessive force, false arrests, false charges, and improper searches and seizures in violation of the Fourth and Fourteenth Amendments.

7.      More recently, the Department of Justice (hereinafter "DOJ"), Office of Community Oriented Policing Services (hereinafter "COPS)" Office completed a 2023 "Roadmap for Implementation" for the Columbus Division of Police, at the City's request, as technical assistance designed to build a foundation for reform.

8.      In 2024, the DOJ announced the release of an independent review of the Columbus Division of Police's use-of-force policies, procedures, protocols, and related

9.      Plaintiff's experience reflects the same recurring danger: the unconstitutional escalation of an ordinary, low-level encounter into a violent seizure, disproportionately imposed on a Black citizen.

10.     Defendants' conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, and Ohio law.

## II.      JURISDICTION AND VENUE

11.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. §1983.

12. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. §1367.

13. Venue is proper in the Southern District of Ohio under 28 U.S.C. §1391 because the events giving rise to these claims occurred in Columbus, Franklin County, Ohio, within this District, and because Defendants reside, work, or conduct business in this District.

## III. PARTIES

14. Plaintiff Brian Allen Thomas is an adult resident of Columbus, Ohio.

15. Plaintiff is Black/ African American.

16. Defendant City of Columbus, Ohio is an Ohio municipal corporation responsible for the Columbus Division of Police, including its policies, customs, training, supervision, discipline, retention, and practices.

17. Defendant Christopher Wayner was, at alt relevant times, a police officer employed by the Columbus Division of Police and acted under color of state law.

18. Defendant Thomas Mayes was, at all relevant times, a police officer employed by the Columbus Division of Police and acted under color of state law.

19. Defendant Nrique Love was, at all relevant times, a police officer employed by the Columbus Division of Police and acted under color of state law.

20. Defendant Austin Earle was, at all relevant times, a police officer employed by the Columbus Division of Police and acted under color of state law.

21. Defendant Austin Banks was, at all relevant times, a police officer employed by the Columbus Division of Police and acted under color of state law.

22. Defendant John Doe's 1 through 10 are officers, supervisors, policymakers, investigators, or other City employees whose identities are presently unknown and who

participated in, approved, ratified, failed to prevent, or failed to discipline the unconstitutional conduct described herein.

23.     At all relevant times, Defendant officers alleged to have acted within the scope of their employment and under color of the statutes, ordinances, regulations, customs, and usages of the State of Ohio and the City of Columbus.

## IV.     FACTUAL ALLEGATIONS

24.     On or about June 19, 2024, Plaintiff Brian Allen Thomas was driving in Columbus, Franklin County, Ohio, late Sunday night at approximately 2:00 a.m.

25.     Defendant officers stopped Plaintiff's vehicle for an alleged minor traffic violation, namely an abrupt turn having missed the alley entrance with no other vehicles operating in the immediate area.

26.     The stop was routine in nature and did not involve any report of violence, weapons, danger, flight, or serious criminal activity.

27.     Plaintiff had parked his vehicle and was walking on the street and did not attempt to flee.

28.     Plaintiff did not threaten the officers.

29.     Plaintiff did not display a weapon.

30.     Plaintiff did not make any movement that would reasonably suggest an immediate threat to officer safety.

31.     Plaintiff substantially complied with lawful commands.

32.     Despite the minor nature of the stop and the absence of any threat, Defendant officers escalated the encounter.

33.     Defendant officers issued aggressive, confusing, overlapping, or contradictory commands.

34.     Defendant officers treated Plaintiff as dangerous without any individualized, objective basis.

35.     Defendant officers used force against Plaintiff, including throwing him to the ground, kneeing him, twisting his arms.

36.     The force used was unnecessary, excessive, and disproportionate to the circumstances.

37.     At the time force was used, Plaintiff was not actively resisting, was not attempting to escape, and did not pose an immediate threat to the officers or others.

38.     Defendant officers had time and opportunity to de-escalate but failed to do so.

39.     The use of force was not a split-second response to a dangerous emergency. It was an unreasonable escalation of a minor traffic stop.

40.     Plaintiff suffered physical injuries requiring immediate hospitalization, multiple surgeries, as well as paid, emotional distress, humiliation, fear, embarrassment, and loss of liberty.

41.     Plaintiff has required, and may require in the future, medical treatment for injuries caused by Defendants' conduct.

42.     Plaintiff alleges that race was a motivating factor in Defendants' decision to escalate the stop and use force.

43.     Similarly situated non-Black motorists stopped for comparable minor traffic violations are not ordinarily subjected to the same level of suspicion, aggression, force, detention, search, humiliation, or arrest.

44.     Defendant officers' conduct reflected racial stereotype, racial bias, racially selective enforcement, and the racially disparate treatment of Black motorists during low-level police encounters.

## V.     PRIOR DOJ NOTICE AND COLUMBUS MUNICIPAL LIABILITY ALLEGATIONS

45.     Defendant City of Columbus has long been on notice of serious constitutional deficiencies within the Columbus Division of Police.

46.     The United States Department of Justice previously found that Columbus Division of Police officers were engaged in a pattern or practice of using excessive force, making false arrests, lodging false charges, and conducting improper searches and seizures in violation of the Fourth and Fourteenth Amendments.

47.     The DOJ's prior findings placed Columbus on actual notice that ordinary police encounters, including minor or routine encounters, could be unlawfully escalated through excessive force, improper searches and seizures, false arrests, and false charges.

48.     The DOJ's prior findings further placed Columbus on notice of deficiencies in training, supervision, monitoring, complaint investigation, accountability, and discipline.

49.     Despite this notice, Columbus failed to implement and enforce adequate policies, training, supervision, discipline, data collection, early-warning systems, and accountability mechanisms sufficient to prevent unconstitutional escalation of routine encounters.

50.     In 2023, the DOJ's COPS Office completed a Roadmap for Implementation for the Columbus Division of Police, at the City's request, as targeted technical assistance designed to build a foundation for reform.

51.     In 2024, DOJ released an independent review concerning the Columbus Division of Police's use-of-force policies, procedures, protocols, and related training.

7

52.     Public reporting on the 2024 review stated that Columbus lacked sufficient race and use-of-force data to determine whether racial bias existed, while also reporting that officers used force and made arrests more often against Black people than white people.

53.     The City's failure to collect, maintain, analyze, and act upon adequate race, stop, arrest, use-of-force, complaint, and discipline data foreseeably allowed unconstitutional and racially disparate policing practices to continue.

54.     Upon information and belief, Columbus maintained customs, policies, or practices that caused officers to treat routine traffic stops as discretionary enforcement opportunities, to escalate minor encounters without adequate justification, to characterize fear or confusion as "resistance," and to use force disproportionately against Black motorists.

55.     Upon information and belief, Columbus failed to properly investigate prior excessive-force complaints and failed to discipline officers for unconstitutional force, unlawful escalation, unlawful detention, false charges, improper searches, and racially disparate policing.

56.     Columbus's policies, customs, practices, failures to train, failures to supervise, failures to discipline, and failures to maintain adequate data were moving forces behind the violation of Plaintiff Brian Thomas's constitutional rights.

## COUNT I

### Excessive Force - Fourth Amendment
### Against Defendant Officers

57.     Plaintiff incorporates Paragraphs 1 through 56 as if fully rewritten. herein.

58.     Defendant officers, acting under color of state law, seized Plaintiff within the meaning of the Fourth Amendment.

59.     The force used against Plaintiff was objectively unreasonable under the circumstances.

8

60.     Plaintiff was suspected, at most, of a minor traffic offense.

61.     Plaintiff did not pose an immediate threat to officer safety.

62.     Plaintiff did not actively resist arrest or attempt to flee.

63.     No reasonable officer could have believed that the level of force used against Plaintiff was lawful or necessary.

64.     Defendant officers violated Plaintiff's clearly established rights under the Fourth Amendment.

65.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injury, emotional distress, humiliation, loss of liberty, and other damages.

**COUNT II**

**Racially Selective Enforcement / Equal Protection Fourteenth Amendment**
**42 U.S.C. §1983**
**Against Defendant Officers**

66.     Plaintiff incorporates Paragraphs 1 through 66 as if fully rewritten herein.

67.     Defendant officers intentionally treated Plaintiff differently because of Plaintiff's race.

68.     Defendants escalated a minor traffic stop and used force against Plaintiff based, in whole or in part, on race, racial stereotype, or racially selective enforcement.

69.     Similarly situated non-Black motorists stopped for comparable minor traffic matters were not subjected to the same level of force, suspicion, detention, search, aggression, humiliation, or arrest.

70.     Defendants' conduct violated Plaintiff's right to equal protection of the laws under the Fourteenth Amendment.

9

71.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

## COUNT III

**Unlawful Seizure/ Unreasonable Detention Fourth Amendment**
**42 U.S.C. §1983**
**Against Defendant Officers**

72.    Plaintiff incorporates all preceding paragraphs as if fully rewritten herein.

73.    Defendant officers unlawfully prolonged, expanded, or intensified the traffic stop beyond its lawful purpose.

74.    Any continued detention, search, arrest, or use of force was unsupported by reasonable suspicion, probable cause, or officer-safety justification.

75.    Defendants' actions constituted an unreasonable seizure in violation of the Fourth Amendment.

76.    As a direct and proximate result, Plaintiff suffered damages.

## COUNT IV

**Municipal Liability**
**42 U.S.C. §1983 / Monell**
**Against Defendant City of  Columbus**

77.    Plaintiff incorporates Paragraphs 1 through 76 as if fully rewritten herein.

78.    Defendant City of Columbus, through its policymakers, maintained policies, customs, practices, or usages that caused the violation of Plaintiff's constitutional rights.

79.    These policies, customs, or practices included1 but were not limited to:

   a.    tolerating excessive force during routine traffic stops;

   b.    tolerating racially disparate traffic enforcement;

   c.    failing to train officers on de-escalation and proportional force;

   d.    failing to train officers regarding racial bias and equal protection;

e.     failing to supervise officers with histories of excessive force, unlawful detention, false charges or racial complaints;

f.     failing to meaningfully investigate citizen complaints;

g.     failing to discipline officers for unconstitutional stops, searches, seizures, or force;

h.     accepting boilerplate claims of "resistance" to justify excessive force;

i.     failing to collect and analyze adequate race, stop, arrest, use-of-force, and complaint data;

j.     failing to implement effective early-warning or early-intervention systems; and

k.     failing to correct deficiencies identified through prior DOJ findings and later DOJ/COPS technical-assistance reviews.

80.     Columbus had actual or constructive notice that its failures were likely to result in constitutional violations.

81.     Columbus acted with deliberate indifference to the rights of persons such as Plaintiff Brian Thomas.

82.     Columbus's policies, customs, practices, failures to train, failures to supervise, failures to discipline, and failures to maintain adequate accountability systems were moving forces behind the violation of Plaintiff's rights.

83.     As a direct and proximate result, Plaintiff suffered damages.

## COUNT V

### Assault and Battery Ohio Law
### Against Defendant Officers

84.     Plaintiff incorporates Paragraphs 1 through 83 as if fully rewritten herein.

85.     Defendant officers intentionally caused harmful or offensive physical contact with Plaintiff.

86.     The force used was not lawful, privileged, reasonable, or necessary.

87.     Defendant officers' conduct constituted assault and battery under Ohio law.

88.     As a direct and proximate result, Plaintiff suffered damages.

## COUNT VI

### False Arrest/ False Imprisonment Ohio Law
### Against Defendant Officers

89.     Plaintiff incorporates Paragraphs 1 through 88 as if fully rewritten herein.

90.     Defendant officers intentionally detained, restrained, and arrested Plaintiff.

91.     The detention, restraint, arrest, or confinement was without lawful justification.

92.     Defendant officers lacked probable cause or lawful authority for the seizure, arrest, or continued detention.

93.     As a direct and proximate result, Plaintiff suffered damages.

## COUNT VII

### Negligence/ Recklessness / Wanton Misconduct Ohio Law
### Against Defendant Officers

94.     Plaintiff incorporates all preceding paragraphs as if fully rewritten herein.

95.     Defendant officers owed Plaintiff a duty to act reasonably and to refrain from unnecessary force.

12

96.     Defendant officers breached that duty by escalating a routine traffic stop and using excessive force.

97.     Defendants acted negligently, recklessly, willfully, wantonly, maliciously, or in bad faith.

98.     To the extent Defendants claim immunity under Ohio Rev. Code Chapter 2744, such immunity does not apply because Defendants acted maliciously, in bad faith, wantonly, or recklessly.

99.     As a direct and proximate result, Plaintiff suffered damages.

## V.    PRAYER FOR RELIEF

WHEREFORE; Plaintiff Brian Allen Thomas respectfully requests judgment against Defendants, jointly and severally where permitted by law, and asks this Court to award:

A.     compensatory damages in an amount to be determined by the jury;

B.     punitive damages against the individual Defendant officers;

C.     attorney fees and costs under 42 U.S.C. §1988;

D.     pre-judgment and post-judgment interest;

E.     declaratory relief that Defendants violated Plaintiff's constitutional rights;

F.     injunctive relief requiring appropriate reforms, training, supervision, data collection, discipline, and accountability, where legally available; and

G.     all other relief to which Plaintiff is entitled.

13

Respectfully submitted,

*/s/ Michael P. Cassidy*
MICHAEL P. CASSIDY (0001087)
Of Counsel
Dinn, Hochman & Potter, LLC
6105 Parkland Boulevard, Suite 100
Cleveland, Ohio  44124
(440) 446-1100 – Phone
(440) 446-1240 - Fax
mcassidy@dhplaw.com
*Counsel for Plaintiff Brian Allen Thomas*

## JURY DEMAND

Plaintiff hereby demands a jury trial upon all issues to triable.

*/s/ Michael P. Cassidy*
MICHAEL P. CASSIDY (0001087)
*Counsel for Plaintiff Brian Allen Thomas*